[Cite as *Midgett v. Warden, Belmont Corr. Inst.*, 2021-Ohio-4291.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

DAJUAN MIDGETT,

Petitioner,

v.

WARDEN, BELMONT CORRECTIONAL INST.,

Respondent.

---

**OPINION AND JUDGMENT ENTRY**
**Case No.** 20 BE 0031

---

Writ of Habeas Corpus

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Dismissed.

---

*Dajuan Midgett,* Pro Se, # 773-577, Belmont Correctional Institution, P.O. Box 540, St. Clairsville, Ohio 43950, Petitioner and

*Atty. Dave Yost,* Ohio Attorney General, and *Atty. Stephanie L. Watson*, Principal Assistant Attorney General, Criminal Justice Section, 150 East Gay Street, 16th Floor, Columbus, Ohio 43215, for Respondent.

Dated
December 6, 2021

**PER CURIAM.**

{¶1} Petitioner Dajuan Midgett has filed this original action seeking a writ of habeas corpus implying the trial court lacked personal jurisdiction to issue his judgment entry of conviction and sentence. Petitioner is a self-represented prison inmate and his hand-written complaint names as party respondent the Warden of the Belmont Correctional Institution. Counsel for Respondent has filed a motion to dismiss. The Court sustains Respondent's motion to dismiss and dismisses the petition accordingly.

{¶2} Petitioner's complaint contains no explanation as to how he became imprisoned in Respondent's facility. His petition sets forth pages of purported statements of criminal law relating to arrest, the charging instrument, and the grand jury. But he fails to provide any nexus between his perception of the law and how it applies to his particular case.

{¶3} Petitioner cites to the introductory section of Chapter 2725, which authorizes a court to grant habeas corpus relief: "Whoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation." R.C. 2725.01. But the petition ignores the remainder of that chapter which contains specific filing requirements. The failure to satisfy these statutory requirements is generally fatal to the petition. One of the more important requirements as alluded to above is that the petitioner must file all pertinent commitment papers relevant to the arguments being raised in the petition:

> Application for the writ of habeas corpus shall be by petition, signed and verified either by the party for whose relief it is intended, or by some person for him, and shall specify:
>
> * * *
>
> (D) A copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the

remedy; or, if the imprisonment or detention is without legal authority, such fact must appear.

R.C. 2725.04(D).

**{¶4}** The Ohio Supreme Court has acknowledged the necessity and importance of these papers:

> These commitment papers are necessary for a complete understanding of the petition. Without them, the petition is fatally defective. When a petition is presented to a court that does not comply with R.C. 2725.04(D), there is no showing of how the commitment was procured and there is nothing before the court on which to make a determined judgment except, of course, the bare allegations of petitioner's application.

*Bloss v. Rogers,* 65 Ohio St.3d 145, 146, 602 N.E.2d 602 (1992).

**{¶5}** Here, Petitioner has not included any commitment papers. Without them, it simply is not possible to even begin a preliminary evaluation of the nature of his claim. Therefore, Respondent's motion to dismiss is granted and Petitioner's original action for a writ of habeas corpus is dismissed. Petitioner's summary judgment motion is overruled as moot.

**{¶6}** Final order. Clerk to service notice as provided by the Rules of Civil Procedure. No costs assessed.

**JUDGE GENE DONOFRIO**

**JUDGE CHERYL L. WAITE**

**JUDGE CAROL ANN ROBB**

Case No. 20 BE 0031